Lawrence E. Abelman
Jeffrey A. Schwab
Peter J. Lynfield
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Julie B. Seyler
Marie Anne Mastrovito
Anthony A. Coppola
Ned W. Branthover
Anthony J. DiFilippi
Jennifer R. Waitman
Norman D. Hanson
Frank Terranella
Ralph J. Crispino
Douglas J. Gilbert
───
Writer's Direct Dial:
(212) 885-9207
───
Writer's E-Mail:
maschen@lawabel.com

# ABELMAN, FRAYNE & SCHWAB

Attorneys at Law
666 Third Avenue
New York, New York 10017-5621
────────
Telephone: (212) 949-9022
Facsimile: (212) 949-9190
e-mail@lawabel.com

Of Counsel:
Victor M. Tannenbaum
Thomas E. Spath
Melvin L. Ortner
J. David Dainow
David Toren (Ret.)
───
Lori B. Cohen
Steven M. Hertzberg
Charles S. Stein
Erica R. Halstead
Aimee M. Allen
Vindra Richter
───
Alexander Zinchuk*
Kristin J. Breen*
*(Registered Patent Agent)

June 5, 2019

**By ECF**

Judge Joan M. Azrack
United States District Court
Eastern District of New York
Courtroom 920
100 Federal Plaza
Central Islip, NY 11722

Re:  *Teknor Apex Co. v. Ray Padula Holdings*;
     Case 2:19-cv-02248-JMA-AYS; Our File No. 231111.

Dear Judge Azrack:

We represent the plaintiff Teknor Apex Company in the referenced matter. As discussed during this afternoon's telephone conference, attached is a "Proposed Case Management Plan and Scheduling Order" that counsel for the parties have agreed to. We respectfully ask that the Court endorse and enter this order.

Respectfully,

Michael Aschen

MA:zs
Att.
cc: Teknor Apex Company
    Counsel for Defendant (By ECF notification)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

TEKNOR APEX COMPANY,

              *Plaintiff*,

-against-

RAY PADULA HOLDINGS,

              *Defendants.*

2:19-cv-02248-JMA-AYS

**PROPOSED CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

Joan M. Azrack, U.S.D.J.:

    After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

    1.    All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

    2.    This case is to be tried to a jury.

    3.    No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within thirty (30) days from the date of this Order.

    4.    A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within sixty (60) days from the date of this Order.

    5.    The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than twenty one (21) days from the date of this Order.

    6.    The parties must complete fact discovery no later than January 24, 2020.

7. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

    a. Serve initial interrogatories and requests for production of documents by July 12, 2019.

    b. Serve requests to admit no later than August 28, 2019.

    c. Complete depositions of fact witnesses by January 24, 2020.

8. By July 12, 2019, Plaintiff must serve on Defendant a "Disclosure of Asserted Claims and Infringement Contentions" identifying each claim of the patent-in-suit that is allegedly infringed and each product or process of Defendant which Plaintiff is aware that allegedly infringes each identified claim.

9. By August 26, 2019, Defendant must serve on Plaintiff its "Invalidity Contentions," if any. Invalidity Contentions must identify each item of prior art that the Defendant contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under 35 U.S.C. § 101 or § 112, or unenforceability of any of the asserted claims.

10. The duty to supplement in Fed. R. Civ. P. 26(e) shall apply to the Infringement Contentions and the Invalidity Contentions.

11. By November 22, 2019, the parties shall cooperate and jointly file a Joint Disputed Claim Terms Chart listing the disputed claim elements, including each party's proposed construction, and cross-reference to each party's identification of the related paragraph(s) of their invalidity and/or infringement contention(s) disclosures.

12. By December 20, 2019, Plaintiff must serve and file an opening claim construction brief and all supporting evidence and testimony. Not later than January 20, 2020, the Defendant must serve and file a response to the opening claim construction brief and all supporting evidence

and testimony. Not later than seven (7) days after service of the response, the Plaintiff may serve and file a reply solely rebutting the opposing party's response.

13. Not later than thirty (30) days after entry of an order ruling on claim construction, if Defendant will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, shall produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production.

14. The parties must complete expert discovery no later than March 27, 2020.

a. Every party-proponent that intends to offer expert testimony in respect of a claim, including any counterclaim, cross-claim or third-party claim, must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by January 27, 2020.

b. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by February 10, 2020.

c. No party may offer expert testimony, whether designated as "rebuttal" or otherwise, beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than seven (7) days after the latter of the dates specified in paragraph 8(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8.

15. Any party seeking to make post-discovery dispositive motions should submit a letter to the Court by March 30, 2020, advising it of the nature of the motion and summarizing its basis. Opposition letters are due April 6, 2020.

16. Unless otherwise ordered by the Court, within thirty (30) days from the date for the completion of expert discovery, or if a party has filed a dispositive motion, within thirty (30) days

of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

17. Counsel for the parties conferred and their present estimate of the length of trial is five (5) days.

18. The next pretrial conference is scheduled for _____.

This **ORDER** may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: Central Islip, New York
      June __, 2019

**SO ORDERED**

_____
Joan M. Azrack
United States District Judge